UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE TOASTED OAT, INC., <br> *Plaintiff*, <br><br> v. <br><br> SNACKWERKS OF MICHIGAN, LLC, <br> *Defendant*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No.  1:21-cv-374 <br><br> Hon. Hala Y. Jarbou |

## AGREED CASE MANAGEMENT ORDER

| | |
|---|---|
| Trial                                         Date: <br>                                                    Time: <br>                                                   Before: <br>                                                    Place: <br><br> **Counsel and the parties shall be present in the courtroom at 8:30 a.m. to address preliminary matters** | **JANUARY 23, 2023** <br> **9:00 A.M.** <br> **District Judge Hala Y. Jarbou** <br> **128 Federal Building** <br> **315 W. Allegan Street** <br> **Lansing, MI 48933** |
| Jury or Non Jury | Jury |
| Estimated Length of Trial | 7 days |
| Motions or Stipulations to Join Parties or Amend Pleadings | MARCH 21, 2022 |
| Rule 26(a)(1) Disclosures or Supplemental Disclosures (including lay witnesses) | MARCH 21, 2022 |
| Disclose Name, Address, Area of Expertise and a short summary of expected testimony of Expert Witnesses (Rule 21(a)(2)(A)) <br>                                               Plaintiff: <br>                                              Defendant: <br>                               Third- Party Defendant: | <br><br><br> DECEMBER 3, 2021 <br> FEBRUARY 14, 2022 |
| Disclosure of Expert Reports (Rule 26(a)(2)(B) <br>                                               Plaintiff: <br>                           Defendant (as for Plaintiff): <br>          Defendant (as for Third-Party Defendant): <br>                                Third-Party Defendant: | <br> APRIL 20, 2022 <br> JUNE 3, 2022 <br> JULY 15, 2022 <br> AUGUST 15, 2022 |
| Defendant will furnish any rebuttal to Plaintiff's expert(s), if necessary | JUNE 3, 2022 |
| Plaintiff will furnish any rebuttal to Defendant's expert(s), if necessary | JULY 1, 2022 |
| Third-party Defendant will furnish any rebuttal to Defendant's expert(s), if necessary | AUGUST 15, 2022 |
| Defendant will furnish any rebuttal to Third-Party Defendant's expert(s), if necessary | SEPTEMBER 14, 2022 |
| Completion of Discovery | SEPTEMBER 30, 2022 |

| | |
|---|---:|
| Dispositive Motions | OCTOBER 14, 2022 |
| Interrogatories will be limited to: (Single Part Questions) | 25 single part questions |
| Depositions will be limited to: (Fact Witnesses Per Party) | 10 per party |
| Request for Admission will be limited to: (Per Side) | 25 per side |
| Document Requests will be limited to: (Per Side) | 25 per side |
| Motions in Limine | 21 days prior to the Final Pretrial Conference |
| Settlement Conference                              Date: Time: Before: | DECEMBER 6, 2022 1:30 PM Magistrate Judge Ray Kent |
| Final Pretrial Conference                          Date: Before Judge Hala Y. Jarbou                Time: **Note Preparation Details within this Order** | DECEMBER 28, 2022 11:00 AM |
| Deadline for Parties to agree on mediator and notify the Court of the name, address, and telephone number of the agreed upon mediator; if they are unable to agree on a mediator, they shall request that the Court select a mediator by this date | MAY 20, 2022 |
| ARD To Take Place On Or Before: | SEPTEMBER 2, 2022 |

1. TRIAL DATE AND SETTING: This case is scheduled for trial, as set forth above, before the Honorable Hala Y. Jarbou, 128 Federal Building, 315 W Allegan St, Lansing, Michigan.

2. JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS: All motions or stipulations for joinder of parties and all stipulations to amend the pleadings must be filed by the date set forth in the table above to ensure amendment as a matter of consent under Rule 15(a)(2). Proposed amendments after the noted date are by leave of court.

3. DISCLOSURES AND EXCHANGES: Deadlines for exchange of Rule 26(a)(1) disclosures, names of lay witnesses, identification of experts, and disclosure of expert reports under Rule 26(a)(2), if applicable, are ordered as set forth in the table above.

4. DISCOVERY: All discovery proceedings shall be completed no later than the date set forth in the table above, and shall not continue beyond this date. All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery. All depositions must by completed before the close of discovery. Interrogatories will be limited as set forth in the table above. Depositions will be limited as set forth in the table above. There shall be no deviations from this order without prior approval of the court upon good cause shown. Time limitations for depositions set forth in Rule 30(d)(1) apply to this case.

5. MOTIONS:

    a. Non-dispositive motions shall be filed in accordance with W.D. Mich. LCivR. 7.3. They may be referred to a magistrate judge in Grand Rapids, Michigan, pursuant to 28 U.S.C. § 636(b)(1)(A). In accordance with 28 U.S.C. § 471, et seq., it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

    b. Dispositive motions shall be filed in accordance with W.D. Mich. LCivR 7.2 by the date set forth in the table above. If dispositive motions are based on supporting documents such as depositions or answers to interrogatories, only those excerpts which are relevant to the motion shall be filed. The case manager will notify counsel of the date for oral argument.

    c. Motions in limine must be filed no later than twenty-one (21) days prior to the final pretrial conference.

6. ALTERNATIVE DISPUTE RESOLUTION: In the interest of facilitating prompt resolution of this case, and the parties having voluntarily selected facilitative mediation, this matter shall be submitted to facilitative mediation. The parties have fourteen (14) days from the date of this Order to jointly choose one mediator from the list of court certified mediators.[1] Plaintiff is responsible for e-filing notification of the name of the selected mediator. If the parties are unable to jointly select a mediator, they must notify the ADR Administrator[2], who will select a mediator for them. Once the mediator is selected, a Notice will issue regarding the method and schedule for the mediation conference.

7. SETTLEMENT CONFERENCE: The parties are under an ongoing obligation to engage in good faith settlement negotiations. A settlement conference has been scheduled before the magistrate judge as set forth above.

    a. <u>Persons Required to Attend</u>. Unless excused after a showing of good cause, the attorney who is to conduct the trial shall attend the settlement conference, accompanied by a representative of the party with full settlement authority. The person with settlement authority must come with authority to accept, without further contact with another person, the settlement demand of the opposing party. In addition, where a party is insured, a representative of the insurer who is authorized to negotiate and to settle the matter (within policy limits) up to the amount of the opposing parties' existing settlement demand shall also attend. All participants shall be present in person unless specifically excused by written motion and order (or otherwise directed by the Court. W.D. Mich. LCivR 16.6).

---

[1] www.miwd.uscourts.gov
[2] ADR Administrator, U.S. District Court, 399 Federal Building, 110 Michigan St., NW, Grand Rapids, MI 49503; 616/456-2381; adr@miwd.uscourts.gov

      b.      <u>Settlement Letter to Opposing Party</u>. A settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals. Accordingly, at least fourteen (14) days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than seven (7) days prior to the settlement conference, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate. This may lead directly to a settlement. If settlement is not achieved, plaintiff's counsel shall deliver or e-mail copies of these letters to chambers no later than three (3) business days before the conference. Letters should be mailed, hand delivered, or e-mailed to kentmediation@miwd.uscourts.gov. Do not file copies of these letters in the Clerk's Office.

      c.      <u>Confidential Settlement Letter to Court</u>. In addition, three (3) business days before the conference, each party or their attorney shall submit to the chambers of Judge Ray Kent a confidential letter concerning settlement. Letters should be mailed, hand delivered, or e-mailed to kentmediation@miwd.uscourts.gov. A copy of this letter need not be provided to any other party. Do not file a copy of this letter in the Clerk's Office. All information in the settlement letter shall remain confidential and will not be disclosed to any other party without the approval of the writer. The confidential settlement letter shall set forth: (a) the name and title of the party representative who will be present at the settlement conference, with counsel's certification that the representative will have full authority to settle, without the need to consult with any other party; (b) a very brief explanation of the nature of the case, including an identification of any parties added or dismissed since the time of filing; (c) a history of settlement negotiations to date, including all offers, demands and responses (the letter should not, however, divulge any offer made in the context of a voluntary facilitative mediation); (d) the policy limits of any relevant insurance coverage; (e) the limits on settlement authority given to counsel by the client; (f) that party's suggestions concerning the most productive approach to settlement; (g) any other matter that counsel believes will improve the chances for settlement. Plaintiff shall also provide an estimated range of damages recoverable at trial and a brief analysis of the method(s) used for arriving at the estimate(s).

8.      <u>FINAL PRETRIAL CONFERENCE</u>: A final pretrial conference is scheduled at the date and time set forth above.

9.      <u>PREPARATION OF PROPOSED FINAL PRETRIAL ORDER</u>: A proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed **five (5) business days** prior to the final pretrial conference in the following form:

A final pretrial conference was held on the ___ day of _____.
Appearing for the parties as counsel were:

(List the counsel who will attend the pretrial conference.)

1. Exhibits: The following exhibits will be offered by the plaintiff and the defendant:

   (List separately for each party all exhibits, including demonstrative evidence and summaries of other evidence, by name and number. Plaintiff shall use numbers; defendant shall use letters. Indicate with respect to each exhibit whether and for what reason its admissibility is challenged. Exhibits expected to be used solely for impeachment purposes need not be numbered or listed until identified at trial. Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown. See Fed. R. Civ. P. 26(a)(3)(B).)

2. Uncontroverted Facts: The parties have agreed that the following may be accepted as established facts:

   (State in detail all uncontroverted facts.)

3. Controverted Facts and Unresolved Issues: The factual issues remaining to be determined and issues of law for the Court's determination are:

   (Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)

4. Witnesses:

   a. Non-expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

      (List names, addresses, and telephone numbers of all non-experts who will testify. Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the anticipated testimony of each non-expert witness. For each witness listed, indicate whether he witness **will be** called or merely **may be** called to testify.)

   b. Expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

(List names, addresses, and telephone numbers of all experts who will testify, providing a brief summary of their qualifications and a statement of the scientific or medical field(s) in which they are offered as experts. Indicate whether they will testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing party objects. Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5. <u>Depositions and Other Discovery Documents</u>:

All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:

(Designate portions of depositions by page and line number. Designate answers to interrogatories and requests for admissions by answer or request number. Designation need not be made of portions that may be used, if at all, as impeachment of an adverse party. Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6. <u>Length of Trial</u>: Counsel estimate the trial will last approximately \_\_\_\_\_ full days, allocated as follows: \_\_\_\_\_ days for plaintiff's case; \_\_\_\_\_ days for defendant's case; \_\_\_\_\_ days for other parties.

7. <u>Prospects of Settlement</u>: The status of settlement negotiations is:

(Indicate progress toward settlement and issues that are obstacles to settlement.)

The proposed Final Pretrial Order will be signed by all counsel, signifying acceptance, and upon approval by the Court, with such additions as are necessary, will be signed by the Court as an order reflecting the final pretrial conference.

10. MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE: At the final pretrial conference, the parties and the Court will formulate a plan for trial, including a program for facilitating the admission of evidence, consider the prospects of settlement, and consider such other matters as may aid in the trial or other disposition of the action. Unless excused by the court in advance upon a showing of a good cause, the attorney who is to conduct the trial shall attend the final pretrial conference and shall be accompanied by

the individual parties or representative of the party (other than the attorney himself or herself) with full settlement authority.

Three (3) business days prior to the final pretrial conference, exhibit books shall be submitted to the Court. Exhibits shall be clearly identified. Counsel for the parties shall provide three (3) sets of notebooks with the exhibits to the Court. The exhibits should be divided and tabbed with the exhibit numbers. A list of the exhibits (Attachment, Exhibit 1) should be located in the front of the notebooks. One set of notebooks is for the Court, one set is for the deputy clerk in the courtroom, one set is for the use of the witnesses. When bringing a document to the attention of the Court and witnesses, counsel asking the questions should refer to the notebook volume and exhibit number.

Counsel shall arrange to have all documentary exhibits digitized for projection on the large screen in the courtroom. Counsel are responsible for projection of the exhibits using their own computers and software compatible with the Court's electronic system. Scheduling and questions concerning the use of electronic projection is accomplished by sending an email to courttech@miwd.uscourts.gov, or by calling (616) 732-2757. Information concerning the features of the electronic evidence projection in the courtroom is available at the court's website: www.miwd.uscourts.gov (Click on *Courtroom Technology* link).

11. PREPARATION FOR TRIAL:

   A. Each party shall file the following not later than **five (5) business days** prior to the commencement of the **final pretrial conference:**

      i. Proposed voir dire questions. The Court will ask basic voir dire questions. Counsel for the parties will be permitted to question prospective jurors. Questioning by counsel shall not be repetitive of questions asked by the Court or of questions asked in the juror questionnaire.

      ii. Trial briefs.

   B. The parties shall jointly file the following not later than **five (5) business days** prior to the **final pretrial conference:**

      i. Proposed jury instructions. This court uses Western District of Michigan's Standardized Jury Instructions for the preliminary and final instructions. A copy of these instructions is available on the Court's website (www.miwd.uscourts.gov).[3] The court generally uses O'Malley, Grenig, & Lee's *Federal Jury Practice and Instructions* for those not covered in the standard set. Standard instructions shall be submitted in the following form: full text, one instruction per page, completely typed out with all blanks completed, ready for submission to the jury. Other non-standard

---

[3] The instructions are located within the Electronic Filing section, and you will need to use your E-Filing Login and Password to access them. Once you have logged into the electronic filing section of the website, click Utilities, then select WDMI Attorney References and you will see the link to the Standard Civil Jury Instructions.

        instructions shall be submitted in similar fashion and include reference to the source of each requested instruction. Indicate objections, if any, to opposing counsel's proposed instructions, with a summary of the reasons for each objection.

The parties are required to submit a copy of the joint statement of case and statement of the elements, joint proposed jury instructions (without attorney information), and joint proposed verdict form(s) compatible with Microsoft Word by e-mail to Judge Jarbou's Paralegal/Judicial Assistant, Anna Seymore at Anna_Seymore@miwd.uscourts.gov and Case Manager, Hannah Wagener at Hannah_Wagener@miwd.uscourts.gov.

        ii.    A joint statement of the case and statement of the elements that must be proven by each party. If the parties are unable to agree on the language of a joint statement of the case, then separate, concise, non-argumentative statements shall be filed. The statement(s) of the case will be read to the prospective jurors during jury selection. The elements that must be proven by each party will be included in the preliminary jury instructions.

Dated:   March 7, 2022                          /s/ Ray Kent
                                                                                     RAY KENT
                                                                                     UNITED STATES MAGISTRATE JUDGE

AGREED TO BY:

**STECKLER WAYNE COCHRAN CHERRY PLLC**

*/s/ Bruce W. Steckler*
Bruce W. Steckler
Texas Bar No. 00785039
Austin P. Smith
Texas Bar No. 24102506
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75230
Phone: (972) 387-4040
Facsimile: (972) 387-4041
Bruce@swclaw.com
Austin@swclaw.com

Craig H. Lubben (P33154)
MILLER JOHNSON
Radisson Plaza Hotel & Suites
100 West Michigan Avenue, Suite 200
Kalamazoo, Michigan 49007
Phone: (269) 226-2958
lubbenc@millerjohnson.com

*Attorneys for Plaintiff*

**CROCKER & CROCKER**

*/s/ Blake D. Crocker   (w/permission)*
Blake D. Crocker (P38653)
107 W. Michigan Ave., 4th Floor
Kalamazoo, MI 49007
Phone: (269) 501-4516
blake@crockerlawfirm.com

George R. Spatz
AMIN TALATI WASSERMAN LLP
100 S. Wacker Drive, Ste 2000
Chicago, IL 60606
Phone: (312) 784-1062
gspatz@amintalati.com

*Attorneys for Defendant*

**COLLINS EINHORN FARRELL PC**

*/s/ Deborah A. Lujan  (w/permission)*
Deborah A. Lujan (P46990)
Jeffrey Robert Hicks (P74279)
400 Town Ctr., Ste 909
Southfield, MI 48075
Phone: (248) 355-4141
Deborah.lujan@ceflawyers.com
Jeffrey.hicks@ceflawyers.com

*Attorneys for Third-Party Defendant*