### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| THE TOASTED OAT, INC., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  1:21-cv-374 |
| | § | |
| SNACKWERKS OF MICHIGAN, LLC, | § | Hon. Hala Y. Jarbou |
| *Defendant*. | § | |
| | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT EVIDENCE IN SUPPORT OF ITS RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE JUDGE OF THIS HONORABLE COURT:

Plaintiff The Toasted Oat, Inc. ("Plaintiff" or "TTO") files this Motion for Leave to Supplement its Evidence in Support of its Response to Defendant Snackwerks of Michigan, LLC's ("Defendant" or "Snackwerks") Motion for Partial Summary Judgment ("Motion for Summary Judgment") [Dkt. 58] and respectfully shows the Court the following:

1.      On May 5, 2021, Plaintiff filed its Original Complaint against Defendant Snackwerks of Michigan, LLC ("Snackwerks"). In its Complaint, Plaintiff alleged, among other things, that Defendant breached its Manufacturing Services Agreement (the "MSA") with Plaintiff regarding the manufacturing of its granola, resulting in contaminated and adulterated products. [Dkt. 1].  It was determined that Defendant's final two production runs in 2020 contained a contaminated adulterated ingredient, and a national FDA recall was issued. The source of the contamination was determined to be the flaxseed.

2.      On December 1, 2021, Plaintiff filed its Second Amended Complaint, including claims for negligence in failing to comply with food safety standards with respect to the inspection, evaluation and safety of the ingredients utilized in the manufacturing of the products at issue,

resulting in unusable products, lost profits, and damage to Plaintiff's brand and reputation etc. [Dkt. 33].

3.      On December 1, 2021, Snackwerks filed its Third-Party Complaint against Third-Party Defendant JJ Nuts, LLC ("JJ Nuts"), alleging that Third-Party Defendant breached express and implied warrantees and was negligent in providing flaxseed that was not safe and fit for human consumption as represented and required. [Dkt. 35].

4.      On January 10, 2022, Defendant filed its Summary Judgment Motion on Plaintiff's claim for damages allegedly resulting from the failure of the Oppenheimer transaction and for damages allegedly consisting of legal fees associated with the Oppenheimer transaction. [Dkt. 58].

5.      Defendant's main assertion is that the parties did not contemplate consequential damages when the parties entered into the MSA. Specifically, Defendant contends that Plaintiff cannot recover damages from the termination of the Oppenheimer transaction because that acquisition occurred after the parties entered into the MSA.

6.      On February 7, 2022, Plaintiff filed its Response to Defendant's Motion for Summary Judgment. [Dkt. 79]. As outlined in Plaintiff's Response to Defendant's Motion for Summary Judgment, the language of the MSA provides evidence that the parties contemplated a potential acquisition of TTO in the future during the term of the MSA.

7.      In its Response, Plaintiff highlighted certain provisions of the MSA and attached declarations and other evidence of the parties' intent and contemplations. However, out of an abundance of caution, to be able to respond to Defendant's assertions more adequately in its Motion for Summary Judgment, Plaintiff filed a Motion to Extend its Deadline to Respond to Defendant's Motion for Summary Judgment [Dkt. 77] because Defendant's Motion for Summary Judgment hinges on what the parties contemplated when entering the MSA, Plaintiff is entitled to

certain discovery on this issue, including deposing Defendant's owner, Jeff Grogg, who signed the MSA.

8.     On February 9, 2022, after careful consideration, Plaintiff filed a Motion to Withdraw its Motion to Extend Its Deadline to Respond to Defendant's Motion for Partial Summary Judgment [Dkt. 80], which the Court granted the same day. [Dkt. 81].

9.     This case is in its infancy with little discovery having taken place. On February 2, 2022, the Court modified its Case Management Order to allowed Plaintiff to serve more discovery. [Dkt. 73]. To avoid being duplicative, the parties have not conducted depositions in this case because the parties were waiting on Third-Party Defendant JJ Nuts to file an answer in this case, which it did on February 3, 2022.

10.     By filing this Motion for Summary Judgment, Defendant is attempting to eliminate certain damages Plaintiff seeks without an adequate opportunity to conduct certain discovery.

11.     In its Response, Plaintiff has already highlighted certain provisions of the MSA and attached declarations as evidence of the parties' intent and contemplations. However, after gathering new documents and communications to supplement its Responses to Defendant's Requests for Production, Plaintiff discovered additional evidence and communications supporting its position that the parties contemplated a potential acquisition of TTO in the future during the term of the MSA.

12.     Attached as Exhibit A are true and correct copies of email communications all prior to the parties entering into the MSA between Erika Boll, President of TTO, and Jeff Grogg, owner/CEO of Snackwerks, which further support the declarations provided by Erika Boll, Lucinda Wright, and Plaintiff's experts. This is additional evidence supports Plaintiff's position that the parties contemplated a potential acquisition of TTO in the future during the term of the

MSA. For the Court's convenience, Plaintiff has highlighted certain references in the email communications.

13.     Because this case is in its infancy with little discovery having taken place, Plaintiff respectfully request that the Court allow it to supplement additional evidence in Support of its Response to Defendant's Motion for Summary Judgment.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully prays this Honorable Court GRANT Plaintiff's Motion for Leave to Supplement its Evidence in Support of its Response to Defendant's Motion for Partial Summary Judgment.

Dated: March 11, 2022.                          Respectfully submitted,

STECKLER WAYNE CHERRY & LOVE PLLC

*/s/ Bruce W. Steckler*
Bruce W. Steckler
Texas Bar No. 00785039
Austin P. Smith
Texas Bar No. 24102506
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75230
Phone: (972) 387-4040
Facsimile: (972) 387-4041
Bruce@swclaw.com
Austin@swclaw.com

Craig H. Lubben (P33154)
MILLER JOHNSON
Radisson Plaza Hotel & Suites
100 West Michigan Avenue, Suite 200
Kalamazoo, Michigan 49007
Phone: (269) 226-2958
lubbenc@millerjohnson.com